Argued January 4; affirmed February 1; rehearing denied
February 23, 1944

# ODOM *v.* PRUDENTIAL INSURANCE CO. OF AMERICA ET AL.

(145 P. (2d) 480)

Before BAILEY, Chief Justice, and BELT, KELLY, LUSK and HAY, Associate Justices.

*George A. Rhoten,* of Salem (Rhoten and Sam F. Speerstra, all of Salem, on the brief) for appellant.

*Custer E. Ross,* of Salem (Ross & Lewelling, of Salem, on the brief) for respondent.

HAY, J. Foster L. Odom and Blanche R. Odom (sometimes, apparently, called Blanche L. Odom) intermarried in the year 1914, and lived together as husband and wife for about twenty years. In 1934 they separated and, on November 21st of that year, they entered into a written agreement in the nature of a property settlement. The agreement provided that Blanche should convey to Foster her interest in certain real property, and that Foster should contribute toward her support and maintenance monthly payments, in the amount of $60 for each of the first two months and $70 each month thereafter, during her lifetime or until her remarriage. In addition, Foster agreed to procure a policy of insurance upon his life in the amount of $3000, payable to Blanche in the event that Foster should die prior to her death or remarriage, and providing, in the event of Foster's disability or death, for continuance of the monthly payments to Blanche. The particular part of the agreement which provides for such insurance reads as follows:

"(4) The said Foster L. Odom shall procure and deliver to said Blanche L. Odom appropriate life insurance on the life of said Foster L. Odom to the amount of THREE THOUSAND DOLLARS ($3,000.00) and which policy of life insurance shall provide that in the event of the death of said Foster

L. Odom prior to the death or remarriage of Blanche L. Odom, that Blanche L. Odom shall have the face of said policy paid to her. Said policy shall further provide that in the event of the disability of said Foster L. Odom, that disability benefits to the amount of SEVENTY DOLLARS ($70.00) per month shall be paid to Blanche L. Odom during the continuance of such disability. It is the purpose and intent of this provision to provide for the continuance of payments to the amount in this paragraph specified, notwithstanding the death or disability of said Foster L. Odom.''

On December 17, 1935, the marriage was dissolved by a decree of divorce. Foster failed to perform strictly the provisions of the contract with reference to insurance. He did, however, procure and deliver to Blanche, about March 10, 1936, a policy of the Western States Life Insurance Company on his life in the sum of $5000, in which she was named as sole beneficiary. The policy contained a provision for double indemnity in the event of Foster's death by accidental means. Blanche retained this policy in her possession until late in April or early in May, 1937, at which time she surrendered it to one Otto Hoppes, purporting to act on behalf of Foster Odom in the premises, and received from Hoppes, in lieu thereof, a policy of The Prudential Insurance Company of America in the sum of $5000. This policy also provided for double indemnity in the event of Foster Odom's death by accidental means. It was made payable ''to the beneficiaries hereinafter designated, as follows: Three Thousand Dollars, or the proceeds if less, to Blanche R. Odom, beneficiary, former wife of the insured, if living, otherwise to the executors, administrators or assigns of the insured; and the remaining portion, if any, to Marie L. Odom, beneficiary,

wife of the insured, if living, otherwise to the executors, administrators or assigns of the insured." The right to change beneficiaries was reserved.

Foster Odom died January 6, 1942, as the result of an accident. Upon proof of death, the insurance company paid to Blanche Odom the sum of $3000, and to Maree Odom (erroneously designated as "Marie" in the policy) the sum of $1590.16, representing the remainder of the face of the policy, an adjustment thereon having been made because of the fact that Mr. Odom had misrepresented his age at the time when he caused the policy to be written. Maree claimed that she was entitled, as beneficiary, to receive the full amount of the double indemnity which accrued under the policy by reason of the accidental death of the insured, and that Blanche was entitled only to $3000 of the face of the policy. Blanche, on the other hand, contended that she was entitled to the benefit of the double indemnity provision. The insurance company was unwilling to take the risk of determining the dispute between the two beneficiaries, and Maree Odom instituted this suit, seeking to recover the full amount of the double indemnity as aforesaid. The insurance company paid into court the amount in controversy, and asked that the two claimants interplead and that their rights be determined. Blanche answered, setting up her claim, and after a hearing, the trial court entered a decree in her favor. The plaintiff, Maree L. Odom, appealed.

With reference to the double indemnity feature of the insurance, the policy provides:

"The amount of Benefit in Event of Death by Accidental Means specified on the first page of this Policy shall be payable in addition to the Face Amount of Insurance, to the Beneficiary or Beneficiaries designated in said Policy, * * *".

■ The following is the definition, as generally accepted, of the word "beneficiary", as used in policies of insurance:

"In accordance with the usual understanding that a beneficiary is one who receives a benefit or advantage, or who is entitled to the benefit of a contract, it may be said that the term in the law of insurance means the one to whom the insurance is payable, or who is entitled to the proceeds of the policy or certificate, or the benefits of an insurance fund. * * *"

2 Couch on Insurance, section 305.

See also 29 Am. Jur., Insurance, section 1271; *Moldovan v. John Hancock Mut. L. Ins. Co.*, (Mo. App.) 124 S. W. (2d) 541; *Bankers Prot. L. Ins. Co. v. Mozingo*, (Tex. Civ. App.) 127 S. W. (2d) 525; *Union Fraternal League v. Walter*, 109 Ga. 1, 34 S. E. 317, 322, 46 L. R. A. 424, 77 Am. St. Rep. 350.

■■ By the terms of the policy, both Blanche Odom and Maree Odom are designated as beneficiaries. Moreover, each of them may properly be regarded as a beneficiary, in accordance with the definition above set forth. The only difference between the status of the two beneficiaries is that one is to receive a specific sum, or the whole of the proceeds of the policy if less than that sum, while the other is to receive only what remains of the face of the policy after such specific sum is paid. There is no patent ambiguity in the policy, and, as the indemnity benefits are made payable to "the beneficiaries", it is apparent that Blanche is entitled to receive her proportionate share thereof. Counsel have not cited, nor has our own independent research discovered, any authority under which we should be justified in holding otherwise. We deem it unnecessary to discuss the contract between Foster and Blanche

Odom, or the question of whether or not the policy in suit was procured in accordance with an oral modification thereof, or otherwise. The appellant concedes that the policy is not ambiguous; its meaning is, as we think, clear and unequivocal, and hence it was neither necessary nor proper for the court to resort (as the trial court did) to extrinsic evidence as an aid in construing it. *Sinnott v. Interstate Contract Co.,* 86 Or. 189, 168 P. 81; *Pacific Finance Corp. v. Ellithorpe,* 134 Or. 601, 280 P. 658, 289 P. 1058; 17 C. J. S., Contracts, section 294.

We are of the opinion that the decree of the trial court correctly disposed of the matter in controversy. It is, therefore, affirmed. Costs will be allowed to neither party.