141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STANDARD INSURANCE COMPANY, an Oregon corporation, Plaintiff,
v.
Peter C. COONS, guardian of Jonathan Dominic Holmes, a
protected person; Donal Coons, Sr.; Elizabeth Coons,
Defendants, and Phillip B. Coons and Peter C. Coons,
representatives of the Estate of Mary Jane Holmes, deceased;
Crothers and Hansen, P.C., an Oregon professional
corporation, Defendants-Appellees, and Eric M. Holmes,
Defendant-Appellant.
 No. 96-36299
DC No. CV 95-1220 REJ
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1998.
Decided March 16, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this interpleader action, the district court granted summary judgment to appellees and denied summary judgment to appellant Eric Holmes. We have jurisdiction under 28 U.S.C. § 1291, and we reverse both rulings. Because the parties are familiar with the facts of this case, we do not repeat them here.
 
 
 3
 We need not resolve whether the Oregon Slayer Statute, Or.Rev.Stat. § 112.515, is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., because the outcome of this case would be the same either way.
 
 
 4
 If ERISA preempts the slayer statute, we resort to federal common law in place of the preempted state law. McClure v. Life Ins. Co. of N. Am., 84 F.3d 1129, 1133 (9th Cir.1996); see also Metropolitan Life Ins. Co. v. Pressley, 82 F.3d 126, 129 (6th Cir.1996). Federal common law refuses to let a slayer receive the life insurance proceeds of his victim. Mutual Life Ins. Co. v. Armstrong, 117 U.S. 591, 599, 6 S.Ct. 877, 29 L.Ed. 997 (1886). The slayer thus disqualified, Holmes takes as the spouse of the decedent.
 
 
 5
 In the absence of preemption, Holmes still wins. Oregon law disqualifies the slayer. Or.Rev.Stat. § 112.515(1). And we reject appellees, argument, embraced by the district court, that § 112.515's reference to the "secondary beneficiary" means only someone whose name is actually written on the policy by the insured. Rather, this term also includes someone who takes under the default provisions of the life insurance policy. Odom v. Prudential Ins. Co., 173 Or. 435, 145 P.2d 480, 482 (Or.1944).
 
 
 6
 REVERSED and REMANDED with instructions to enter summary judgment for appellant.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by 9th Cir.R. 36-3